2009 BNH 033
_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 09-11670-MWV |
| | Chapter 7 |
| Daniford Z. Martin<br>a/k/a Dan Z. Martin,<br>        Debtor | |
| Dean Puzzo and<br>Teresa Puzzo,<br>        Plaintiffs | |
| v. | Adv. No. 09-1137-MWV |
| Daniford Z. Martin<br>a/k/a Dan Z. Martin,<br>        Defendant | |

*David P. Azarian, Esq.*
*AZARIAN LAW OFFICE, PLLC*
*Attorney for the Plaintiffs*

*Ronald J. Caron, Esq.*
*BRENNAN, CARON ET AL*
*Attorney for the Defendant*

### MEMORANDUM OPINION

The Court has before it Daniford Z. Martin's (the "Defendant") motion to dismiss the complaint filed by Dean Puzzo and Teresa Puzzo (together, the "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Plaintiffs' objection thereto. In the complaint, the Plaintiffs seek to except their unsecured claim in the amount of $213,120.71 from discharge under 11 U.S.C. § 523(a)[1] and claim that the Defendant committed fraud and made fraudulent misrepresentations in connection with their claim. On November 10, 2009, the Court held a hearing on the motion and took the matter under advisement.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

Prior to filing for bankruptcy protection, the Defendant was in the business of providing general contracting services. In November 2006, the Plaintiffs hired the Defendant to perform construction on the Plaintiffs' home. In June 2008, the Plaintiffs tendered a balance of $213,120.71 to the Defendant for the construction project. Of the balance, $50,000 was allegedly given to the Defendant so that he could pay the subcontractors. The Defendant, in July 2008, executed New Hampshire lien affidavits stating that ". . . all work for which the requested disbursement is to be made has been completed and that all subcontractors and/or their suppliers of material and/or labor have been paid for their share of such work or will be paid out of the disbursement through the date listed above in accordance with NH RSA 447:9-12 . . . ." Sometime after the lien affidavits were executed, the Plaintiffs allegedly learned that several subcontractors had not been paid. In August 2008, the Defendant informed the Plaintiffs that he could no longer work on the construction project. As a result, the Plaintiffs claim they were forced to pay the subcontractors, and incurred substantial costs to complete construction on their home. The Plaintiffs believe that the Defendant improperly retained and/or used the entire tendered balance. The Defendant filed his Chapter 7 petition with this Court on May 5, 2009. On August 6, 2009, the Plaintiffs initiated this adversary proceeding against the Defendant claiming the Defendant committed fraud and seek to except their claim of $213,120.71 from discharge pursuant to 11 U.S.C. § 523(a). In their complaint, the Plaintiffs allege that their claims arise from oral and written agreements that the parties entered into on November 28, 2006.

**DISCUSSION**

The Plaintiffs assert four counts in the complaint. Count I alleges that the Defendant committed fraud and made fraudulent misrepresentations in connection with the construction contract by obtaining and retaining the balance. Count II seeks an exception from discharge for false pretenses, false representation, or actual fraud pursuant to § 523(a)(2)(A). Count III seeks an exception from discharge for fraud while acting in a fiduciary capacity pursuant to § 523(a)(4). Count IV seeks an exception to discharge for willful and malicious injury to the Plaintiffs pursuant to § 523(a)(6). The Defendant moves to dismiss all four counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under Rule Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008). "[Although] legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief. Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007). "Determining whether a complaint

states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. at 1950. The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the claims." Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### I. Count I: Fraud and Fraudulent Misrepresentation

In Count I, the Plaintiffs assert that the Defendant committed fraud and made fraudulent misrepresentations by intentionally and fraudulently misrepresenting himself when executing the New Hampshire lien affidavits. When averring fraud in a complaint, "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Bankr. P. 7009(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. To prevail under a fraud claim "[t]he party seeking to prove fraud must establish that the other party 'made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely on it.'" Van der Stok v. Van Voorhees, 866 A.2d 972, 975 (N.H. 2005) (quoting Snierson v. Scruton, 761 A.2d 1046, 1049 (N.H. 2000)).

The complaint appears to allege that the Defendant made fraudulent misrepresentations by stating that he would use the tendered balance to pay subcontractors and complete the construction project. Further, the Plaintiffs allege that the Defendant intentionally misrepresented himself in executing the lien affidavits. However, the Plaintiffs fail to allege factual allegations indicating the Defendant knew his representations were false at the time he made them. See Iqbal, 129 S.Ct. at 1950 (legal conclusions must be supported by adequate factual allegations). Moreover, the language of the lien affidavits provide that subcontractors "have been paid . . . or *will be paid*" (emphasis added) lending to the conclusion that no factual misrepresentation was made at the time of the statement. The Plaintiffs also allege that the Defendant committed fraud in retaining the payments. Support for this allegation is based on information

and belief; however, the Plaintiffs do not provide facts on which that belief is formed.  See Greebal v. FTP Software, Inc., 194 F.3d 185, 191 (1st Cir. 1999) (allegations made on information and belief must provide factual support for such belief).  Accordingly, the Court dismisses Count I for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

      **II.    Count II: Nondischaregability of a Debt Pursuant to 11 U.S.C. § 523(a)(2)(A)**

In Count II, the Plaintiffs seek relief under § 523(a)(2)(A).  Section 523(a)(2)(A) excepts from discharge, debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud[.]" 11 U.S.C. § 523(a)(2)(A).  To establish that a debt is non-dischargeable under § 523(a)(2)(A), the objecting creditor must prove the following elements:

    1. The debtor made a knowingly false representation;

    2. The debtor did so with fraudulent intent, i.e., with "scienter;"

    3. The debtor intended to induce the creditor to rely on the misrepresentation;

    4. The misrepresentation induced reliance;

    5. Reliance was justifiable; and

    6. Reliance on the misrepresentation caused damage (pecuniary loss).

See McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001); Palmacci, 121 F.3d at 786; and Reilly v. Beeman (In re Beeman), 225 B.R. 522, 528 (Bankr. D.N.H. 1998).

The Plaintiffs claim that the Defendant knowingly made a false representation by entering into a contract and receiving monies for construction which were to be paid to subcontractors.  In § 523(a)(2)(A) cases, the Court must first inquire as to the Defendant's intent at the time the representation was made.

> The test may be stated as follows.  If, at the time he made his promise, the debtor did not *intend to perform*, then he has made a false representation (false as to his intent) and the debt that arose as a result thereof is not dischargeable (if the other elements of 523(a)(2)(A) are

> met). If he did so intend at the time he made his promise, but
> subsequently decided that he could not or would not so perform, then his
> initial representation was not false when made. See e.g., In re Anastas,
> 94 F.3d at 1285; Milwaukee Auction Galleries Ltd. v. Chalk, 13 F.3d
> 1107, 1109 (7th Cir. 1994) (more than mere nonperformance of a
> contract was necessary to establish misrepresentation); Mellon Bank
> Corp. v. First Union Real Estate, 951 F.2d 1399, 1410-11 (3d. Cir. 1991)
> (same); Craft v. Metromedia, 766 F.2d 1205, 1219, 1221 (8th Cir. 1985).

Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997). With respect to scienter, this element is satisfied if it is proven that the representation has been made in a reckless manner even if the Defendant believes it to be true. Id. The Plaintiffs must show an actual intent to mislead; mere fraud implied by law is not enough. Id. at 788.

In their complaint, the Plaintiffs fail to allege that the Defendant had the requisite scienter that must be established for relief under § 523(a)(2)(A). As previously stated, the complaint fails to allege that the Defendant intended to deceive the Plaintiffs at the time he made the representations, namely, when the Defendant executed the lien affidavits. As a result, the Court dismisses Count II for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### III.   Count III: Nondischargeability of a Debt Pursuant to 11 U.S.C. § 523(a)(4)

In Count III, the Plaintiffs seek relief under 523(a)(4). That section provides that debts are excepted from discharge if the Defendant committed "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." 11 U.S.C. § 523(a)(4). The purpose of § 523(a)(4) is to protect "the express trust situation in which the debtor either expressly signified his intention at the outset of the transaction, or was clearly put on notice by some document in existence at the outset, that he was undertaking the special responsibilities of a trustee to account for his actions[.]" Office of Pub. Guardian v. Messineo (In re Messineo), 192 B.R. 597, 599-600 (Bankr. D.N.H. 1996) (internal quotations omitted). Statutes excepting debts from discharge are construed narrowly to further the fundamental policies of the Bankruptcy Code. Palmacci, 121 F.3d at 786. "Therefore, the term 'fiduciary' has a narrow definition." Collenge v. Runge (In re Runge), 226 B.R. 298, 304 (Bankr. D.N.H. 1998). The term is limited to

express or technical trusts, and not trusts that are imposed by law. Id.; Weaver v. Weston (In re Weston), 307 B.R. 340, 343 (Bankr. D.N.H. 2004); accord Peerless Ins. v. Swanson (In re Swanson), 231 B.R. 145, 148 (Bankr. D.N.H. 1999); Bamco 18 v. Reeves (In re Reeves), 124 B.R. 5, 7 (Bankr. D.N.H. 1990). Generally, the term "fiduciary" refers to a specific class that includes trustees of specific written declarations of trust, guardians, administrators, executors, and public officers. In re Swanson, 231 B.R. at 148. To satisfy the "fiduciary" pleading requirement, the Plaintiffs must establish that the Defendant was a fiduciary under the meaning of § 523(a)(2)(4). The Court finds that the Plaintiffs make no such allegations. The Plaintiffs only allege that the Defendant was a "fiduciary" because he executed the lien affidavits as president of the business Shanner Homes, Inc. As to the portion of § 523(a)(4) relating to embezzlement and larceny, again, the Plaintiffs only allege that the Defendant retained the tendered balance "on information and belief" without more. Because the complaint contains no more than mere conclusions, they are not entitled to the assumption of truth, Iqbal, 129 S.Ct. 1937 at 1950, and Count III is dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### IV. Count IV: Nondischageability of a Debt Pursuant to 11 U.S.C. § 523(a)(6)

In Count IV, the Plaintiffs seek relief under § 523(a)(6). Section 523(a)(6) excepts from discharge, debts "for willful and malicious injury by the [defendant] to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "The word 'willfull' [sic] means 'deliberate or intentional,' referring to a deliberate or intentional act that necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm or which has a substantial certainty of causing harm and is without just cause or excuse, may be a willful and malicious injury." Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853, 859 (1st Cir. 1997); see also Worster v. Howcroft (In re Howcroft), 223 B.R. 845, 847 (Bankr. D.N.H. 1998). As the Supreme Court has explained, "[t]he word 'willful' modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998); see also

Roumeliotis v. Popa (In re Popa), 140 F.3d 317, 318 (1st Cir. 1998). "The malice element of section 523(a)(6) requires an intent to cause the harm[.]" Id.

Here, the complaint alleges that obtaining and retaining the tendered balance "amounts to willful and malicious injury" to the Plaintiffs or their property. As stated several times throughout this opinion, the Plaintiffs fail to allege the intent that must be established for relief. While the requisite state of mind to satisfy "willful and malicious" has not been precisely defined, a complaint for dischargeability under § 523(a)(6) must at least allege facts lending to the plausibility that an injury was inflicted with the intent to cause the harm, or in circumstances in which the harm was certain or almost certain to occur from the Defendant's acts. The Plaintiffs do not provide factual support for the Court to even possibly find that the Defendant intended to cause the damages alleged. Accordingly, the Court dismisses Count IV for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### V.  Allowing the Plaintiffs to Amend their Complaint

The Plaintiffs filed a supplement to their objection to the Defendant's motion to dismiss in which they request that if the Court grants the motion to dismiss, the Court should grant the Plaintiffs leave to amend its pleadings. Federal Rule of Civil Procedure 15(a)(1)(A) made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7015 allows a plaintiff to amend the complaint before a responsive pleading is filed. Since the Defendant has not yet filed an answer but instead a motion to dismiss, the Plaintiffs do not require leave to amend. Correa-Martinex v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990); Taite v. Peake, 2009 WL 94526 (D.N.H. 2009). The fact that the Plaintiffs sought leave to amend does not enable the Court to deny an amendment where a responsive pleading has not been filed. Taite, 2009 WL 94526. Though they will be allowed to amend their complaint, the Court would like to note that the Plaintiffs should have been aware of the necessary pleading requirements. Defendants should not have to be burdened by bringing a motion to dismiss to ensure that Plaintiffs properly plead their case; it is the burden of the Plaintiffs to prove their case.

Consequently, the motion to dismiss is granted, but the Plaintiffs are entitled to amend their complaint.

## CONCLUSION

For the reasons set out herein, the Court grants the Defendant's motion to dismiss the complaint (Ct. Doc. No. 9). The final judgment is stayed for a period of ten days to allow the Plaintiffs to file an amended complaint. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

DATED this 3rd day of December, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge